UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RANDY R. LYNCH,

      Petitioner,

v.

JOAN FABIAN,

      Respondent.

Civil No. 09-2014 (RHK/SRN)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that this action is barred by the applicable statute of limitations. The Court will therefore recommend that the action be summarily dismissed with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 1997, Petitioner was convicted of first degree murder in the state district court for Hennepin County, Minnesota. He was sentenced to a term of "30 years-to-life" in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-4.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner's conviction and sentence were upheld on direct appeal on January 21, 1999. State v. Lynch, 590 N.W.2d 75, 77 (Minn. 1999), [hereafter "Lynch I"].

On August 2, 2007, Petitioner filed a post-conviction motion in the state trial court. (See Petitioner's "Exhibit B," [Docket No. 3], p. 13, [Order of State District Court for Hennepin County, Minnesota, dated September 4, 2007].) Petitioner's post-conviction motion was summarily denied, because the trial court found that Petitioner's post-conviction claims had already been raised and rejected on direct appeal. (Id.) Petitioner appealed that ruling, but the Minnesota Supreme Court agreed that Petitioner's post-conviction motion was properly denied based on the doctrine of procedural default. Lynch v. State, 749 N.W.2d 318 (Minn. 2008), [hereafter "Lynch II"].

Petitioner's current habeas corpus petition was received and filed by the Clerk of Court on August 3, 2009. However, the Eighth Circuit Court of Appeals has held that a prisoner habeas corpus petition is deemed to have been filed on the date when it is delivered to prison officials for mailing. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). In this case, the petition was signed on July 30, 2009, so Petitioner obviously did not deliver the petition for mailing before that date. For present purposes, the Court will assume, for Petitioner's benefit, that he delivered his petition for mailing on the same date that he signed it, namely on July 30, 2009, and that will be deemed to be the filing date for this action.

The present petition lists a single ground for relief, which Petitioner has summarized as follows: "Prosecutor and Police 'knowingly' used perjuryed [sic] testimony' to obtain an indictment on petitioner." (Petition, p. (5), ¶ 12.) This claim cannot be entertained on the merits, however, because this action is barred by the one-year statute of limitations set

2

forth at 28 U.S.C. § 2244(d).

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act ("AEDPA"), brought several significant changes to the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas

3

relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively-applicable constitutional right, or any new evidence that could not have been discovered earlier.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on January 21, 1999. Lynch I, supra. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final," and the one year federal statute of limitations began to run, on April 21, 1999 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction and sentence on direct appeal in Lynch I. The statute of limitations expired in this case one year later, on April 21, 2000.

However, the present habeas corpus petition was not filed until July 30, 2009, which was more than nine years after the statute of limitations expired. Therefore, this action is clearly time-barred, unless it is saved by the available tolling provisions.

Petitioner's state post-conviction motion cannot save this action from being time-barred, pursuant to the statutory tolling provision set forth at 28 U.S.C. § 2244(d)(2),

4

because the one-year limitation period had already expired long before the post-conviction motion was filed. As discussed above, the statute of limitations expired in April 2000, but Petitioner did not file his state post-conviction motion until August of 2007. Because the federal habeas statute of limitations period had already expired long before Petitioner filed his post-conviction motion, that motion could not have tolled the federal statute. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, in April 2000, it could not thereafter be restarted by the subsequent filing of Petitioner's post-conviction motion.[2]

---

[2] It should be noted that even if the statute of limitations did begin to run afresh when Petitioner's state post-conviction proceedings were completed, this action still would be time-barred. The post-conviction proceedings were completed on May 22, 2008, when the Minnesota Supreme Court handed down its decision in Lynch II. If the statute of

5

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It

---

limitations had begun to run on that date, (rather than the date when the original judgment became final), the deadline for seeking federal habeas review would have expired a year later, on May 22, 2009. See Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir.) (§ 2244(d)(2) tolling period ends upon completion of state post-conviction proceedings in the highest state appellate court), cert. denied, 532 U.S. 998 (2001); Lawrence v. Florida, 549 U.S. 327, 337 (2007) (same). Because Petitioner's current petition was not filed until July 30, 2009, this action would be more than two months too late even if the statute of limitations had not begun to run until the state post-conviction proceedings were completed.

appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

In sum, the Court finds, for the reasons discussed above, that this action is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. Furthermore, the action should be dismissed with prejudice, because Petitioner is no longer eligible for habeas corpus relief in federal court.

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), in this matter. (Docket No. 4.) Having determined that this action must be summarily dismissed pursuant to the applicable statute of limitations, the Court will further recommend that Petitioner's pending IFP application be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's petition for writ of habeas corpus, (Docket No. 1), be summarily DENIED;

7

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 4), be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.

Dated: August 20, 2009

                                            s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 4, 2009,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.